## 45023. SMITH v. WARSHAW.

HALL, Presiding Judge. Defendant-lessee appeals from a summary judgment for the plaintiff-lessor and from the denial of his motion for summary judgment in a suit to recover damages for breach of a lease under the provisions of an alleged "Liquidated damage agreement" between the parties.

The parties entered into a lease on June 6, 1968, for a one-year term beginning July 1, 1968, at a monthly rental of $119.50. The lease provides that lessor may, "upon the lessee's breach of the terms hereof, enter upon and take possession of the premises . . . and rent premises at the best price obtainable by reasonable effort. . . Lessee shall be liable to lessor for the deficiency, if any, between lessee's rent hereunder and the price so obtained by the lessor on reletting." About the 1st of March, 1969, lessee gave notice he would vacate at the end of the month. (The rent was paid through the month). During the 1st week of March, lessor received an inquiry for an apartment from a man named Piha. On March 17, the parties signed a document entitled Liquidated damage agreement, which provides: (2) "If the lessee va-

cates the demised premises, for any reason whatsoever, prior to the expiration of the original term of this lease, the lessee agrees, *at lessor's option,* to forfeit any and all security deposits and to pay to lessor an amount equal to two (2) months rental as liquidated damages sustained by lessor because of the aforesaid unauthorized termination. . . (3) Upon lessee's compliance with the provisions of paragraph (2) above, the lessor agrees to terminate the lease contract referred to in paragraph (1) above and forever hold lessee harmless with respect thereto."

Lessee vacated during the last week of March, at which time the apartment was cleaned and painted. It was shown on March 30 to Piha who rented it for $125 per month as of April 1 and occupied it through the remaining three months of lessee's term. Upon lessee's refusal to pay the two months' rent as provided in the March 17 agreement, lessor brought this action. Lessee crossclaimed for the return of his $75 security deposit. *Held:*

1. Lessee contends that the Liquidated damage agreement is void because there was no consideration; that the recital of mutual promises is, on the part of lessor, merely illusory since lessor retained the option to use either form of damages; that all lessor actually promised was to make a choice and this was no benefit to lessee or injury to lessor.

Lessor contends that his promise to terminate the lease contained in paragraph 3 of the agreement is good consideration. However, this promise is specifically conditional upon lessee's compliance with paragraph 2, which in turn is conditional upon lessor's option. It seems clear to us that by this agreement lessor left both avenues for collecting damages open so that, depending upon the circumstances of reletting, he would not only avoid losing money, but might even turn a profit. On the other hand, we fail to find any benefit for the lessee whatever. Even the certainty of a liquidated amount, which might be greater than the actual damages, is denied to him. The liquidated damage agreement being void, the court erred in granting summary judgment upon it.

2. Similarly, lessor may not retain the security deposit upon the basis of the void agreement. The provisions of the original lease must govern the disposition of this money. For this reason the trial court did not err in denying lessee's motion for summary judgment which included a crossclaim for the

security deposit. There are unresolved issues of fact on what expenses, if any, lessor could properly deduct from the deposit.

*Judgment reversed. Deen and Evans, JJ., concur.*

ARGUED JANUARY 13, 1970—DECIDED JANUARY 28, 1970.

*Moran & Moran, Thomas E. Moran, Thomas R. Moran,* for appellant.

*Ronald N. Winston,* for appellee.